IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01657-PAB

SAMUEL MIGUEL ESCALANTE,

     Petitioner,

v.

TODD LYONS, Acting Director of Immigration & Customs Enforcement,
GEORGE VALDEZ, Acting Field Office Director of Enforcement and Removal
Operations, Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, Acting U.S. Attorney General,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
JUAN BALTAZAR, Warden of the Aurora Detention Facility,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on Samuel Miguel Escalante's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 6.

## I. BACKGROUND[1]

Petitioner is a 23-year-old Guatemalan citizen who entered the United States as a child on approximately July 24, 2019. Docket No. 1 at 4, ¶ 1. On July 25, 2019, petitioner was served a Notice to Appear, charging him as a noncitizen present without admission under the Immigration and Nationality Act § 212(a)(6)(A)(i). *Id.*, ¶ 2. Petitioner was designated as an Unaccompanied Noncitizen Child and released from custody. *Id.*, ¶ 3. Petitioner was re-detained by respondents in December 2025 after

---

[1] The following facts are undisputed unless otherwise noted.

being arrested for alleged traffic offenses, for which the charges have been dropped. *Id.*, ¶ 5.

On April 17, 2026, petitioner filed a petition for writ of habeas corpus. *See generally id*. Petitioner brings a claim for violation of 8 U.S.C. § 1226(a) (Count I); violation of the Administrative Procedures Act (Count II); violation of the due process clause of the Fifth Amendment of the United States Constitution (Count III), and that he is a member of the class certified in *Maldonado Bautista v. Santacruz*, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025) (Count IV). *See id.* at 27-30. Petitioner requests, among other forms of relief, that respondents provide petitioner with a bond hearing or order petitioner's immediate release. *See id.* at 30-31.

## II. ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. *Id.* at 27; Docket No. 6 at 2-5. Petitioner contends that mandatory detention under § 1225 "does not apply to people like Petitioner who previously entered the country and reside in the U.S. prior to being detained and placed in removal proceedings." Docket No. 1 at 27, ¶ 2. Rather, petitioner contends that § 1226 applies and thus respondents must provide him with a bond hearing. *See id.* Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted. Docket No. 6 at 2-5. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings. *See, e.g.*, *Moncada-Hernandez v.*

*Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D. Colo. Feb. 13, 2026).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on.  *See generally* Docket No. 6.  The Court finds no distinguishing material facts between this case and *Alfaro Orellana v. Noem,* No. 25-cv-03976-PAB, 2025 WL 3706417 (D. Colo. Dec. 22, 2025).  Thus, the Court will grant the habeas petition for the same reasons it did in *Alfaro Orellana*.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).[2]  The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner with a bond hearing within seven days of the date of this order.[3]

---

[2] Because the Court will grant the habeas petition on the basis of Count I, it will not reach petitioner's remaining claims and requests for relief.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025) ("The Court will thus grant the Petition with respect to Petitioner's first claim.  Since the Court's ruling on the INA claim will afford Petitioner the entirety of the relief he seeks, the Court need not address Petitioner's remaining arguments.").  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado.  *See* Docket No. 1 at 31.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

[3] The Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, is the proper remedy.  *See Loa Caballero*, 2025 WL 2977650, at *9 ("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court").

### III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Samuel Miguel Escalante's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[4]  It is further

**ORDERED** that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED May 1, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[4] "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing."  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").