IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01657-PAB

SAMUEL MIGUEL ESCALANTE,

      Petitioner,

v.

DAVID VENTURELLA, Acting Director of Immigration & Customs Enforcement,[1]
GEORGE VALDEZ, Acting Field Office Director of Enforcement and Removal Operations, Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, Acting U.S. Attorney General,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
JUAN BALTAZAR, Warden of the Aurora Detention Facility,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on Samuel Miguel Escalante's Motion to Enforce Order [Docket No. 12]. Respondents filed a response. Docket No. 16. Petitioner filed a reply. Docket No. 17.

## I. BACKGROUND[2]

Petitioner is a 23-year-old Guatemalan citizen who entered the United States as a child on approximately July 24, 2019. Docket No. 1 at 4, ¶ 1. On July 25, 2019, petitioner was served a Notice to Appear, charging him as a noncitizen present without admission under the Immigration and Nationality Act, § 212(a)(6)(A)(i). *Id.*, ¶ 2.

---

[1] David Venturella is substituted as a party for Todd Lyons pursuant to Fed. R. Civ. P. 25(d).

[2] The following facts are undisputed unless otherwise noted.

Petitioner was designated as an Unaccompanied Noncitizen Child and released from custody. *Id.*, ¶ 3. Petitioner was re-detained by respondents in December 2025 after being arrested for alleged traffic offenses, for which the charges have been dropped. *Id.*, ¶ 5.

On April 17, 2026, petitioner filed a petition for writ of habeas corpus. *See generally id.* Petitioner brings a claim for violation of 8 U.S.C. § 1226(a) (Count I); violation of the Administrative Procedures Act (Count II); violation of the due process clause of the Fifth Amendment of the United States Constitution (Count III), and for relief as a member of the class certified in *Maldonado Bautista v. Santacruz*, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025) (Count IV). *See id.* at 27-30. On May 1, 2026, the Court granted the petition, ordering respondents to provide petitioner a bond hearing "where the government shall bear the burden of proving that petitioner's continued detention is justified." *See* Docket No. 7 at 4. On May 13, 2026, the parties filed a status report informing the Court that an immigration judge denied bond. Docket No. 10. On May 13, 2026, the petitioner filed a motion to enforce the Court's May 1 Order, or, in the alternative, that the Court consider the remaining claims in the habeas petition. Docket No. 12 at 15. Petitioner seeks release as his remedy. *See id.*

## II. ANALYSIS

Given that petitioner was denied release on bond, petitioner asks that the Court address the remaining claims in his habeas petition. *See id.* The Court will therefore turn to Count II, wherein petitioner claims that respondents' "warrantless arrest of petitioner without a particularized determination of flight risk is arbitrary and capricious, in violation of 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(2)." *See* Docket No. 1 at 28, ¶ 7.

The Court has determined that petitioner is detained pursuant to § 1226(a), *see* Docket No. 7 at 2-3, which provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a) (emphasis added). In their responses to the habeas petition and the motion to enforce, *see generally* Docket Nos. 6, 16, respondents do not contest petitioner's assertion that he was arrested by immigration officials without a warrant.  *See* Docket No. 1 at 28, ¶ 7.

Section § 1226(a) does not require that the Attorney General issue a warrant. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) ("Section 1226(a) creates a default rule for those aliens by permitting – but not requiring – the Attorney General to issue warrants for their arrest and detention pending removal proceedings.").  Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2).  Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,

3

> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5).  "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context."  *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have failed to provide any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357.  *See generally* Docket Nos. 6, 16.  Respondents have failed to show that they had reason to believe that, at the time of petitioner's arrest, petitioner was present in the United States in violation of the law and that he was likely to escape before a warrant could be obtained.  *See* 8 U.S.C. § 1357(a)(2).  There is no indication that petitioner committed an offense in the presence of immigration officials and that there was a likelihood of petitioner's escape before a warrant could be obtained.  *See* § 1357(a)(5).  Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner.  *See Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1231 (D. Colo. 2025) (finding that plaintiffs had demonstrated a likelihood of success on the merits of their claim that defendants had violated § 1357(a)(2) where the immigration officers took "plaintiffs into custody upon confirming their identities and their lack of lawful status" and the "officers asked no questions – until after their arrests – bearing on flight risk, including about plaintiffs' families, employment, or other community ties"); *Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*,

2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release.  *See, e.g.*, *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant,* 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted sub nom.*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy*." Morelos Valdovinos* 2026 WL 948285, at *7.  Accordingly, the Court will grant the habeas petition on the basis of Count II and order petitioner's release.[3]

The Court further notes that, if respondents obtain a warrant and re-detain petitioner, petitioner's detention is subject to § 1226(a).  *de Jesus Aguilar v. Eng.*, No. 2025 WL 3280219, at *9 (N.D. Ind. Nov. 25, 2025) ("Perhaps the government could go secure a warrant and rearrest him at or after his release, but to be clear the government

---

[3] Because the Court will grant petitioner relief on the basis of Count II, it will not address petitioner's argument that the immigration judge failed to comply with the Court's May 1 Order.  *See* Docket No. 12 at 9-15.

must then proceed under § 1226(a).").  Thus, petitioner would be entitled to a new bond hearing that compiles with the Court's May 1 Order.  *See id.*; *Francisco T. v. Bondi*, 2025 WL 3236513, at *3 (D. Minn. Nov. 19, 2025) (holding that a petitioner previously released after a bond hearing would be entitled to a new bond hearing if re-detained pursuant to § 1226(a)); *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) (ordering a "renewed bond hearing" under § 1226 when petitioner had previously received a bond hearing during a prior detention under § 1226).

## III.  CONCLUSION

Therefore, it is

**ORDERED** that Samuel Miguel Escalante's Motion to Enforce Order [Docket No. 12] is **GRANTED**.  It is further

**ORDERED** that respondents shall release Samuel Miguel Escalante from custody within **48 hours**.  It is further

**ORDERED** that the parties shall file a report regarding the status of petitioner's release within **four days** of this order.

DATED June 17, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge